# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNI CAMPBELL, an individual,<br><br>                          Plaintiff,<br>vs.<br><br>LOCKHEED MARTIN CORPORATION; THE CITY OF SAN DIEGO; UNITED STATES OF AMERICA; AND DOES 1-50,<br><br>                         Defendants. | CASE NO. 14cv2359-GPC(RBB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 82.] |

On April 1, 2016, Plaintiff filed a motion for reconsideration of the Court's order filed on March 28, 2016 regarding Defendant United States' motion to clarify. (Dkt. No. 82.) Defendant United States filed a response on April 14, 2016. (Dkt. No. 85.) Plaintiff filed a reply on April 22, 2016. (Dkt. No. 86.)

## Discussion

A district court may reconsider a grant of summary judgment under either Federal Rule of Civil Procedure ("Rule") 59(e) or Rule 60(b). <u>Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiff moves for reconsideration pursuant to Rule 60(b)(1) arguing that the Court committed clear error.

Rule 60(b)(1) provides in part: "[T]he court may relieve a party . . . from a[n] . . . order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable

neglect." Fed. R. Civ. P. 60(b)(1). Errors of law are cognizable under Rule 60(b). Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982).

The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision. Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998)).

Here, Plaintiff argues that the Court's order on clarification filed on March 28, 2016 concluded that there was no triable issue on whether the United States "controlled" the property at issue which contradicts its order filed on February 3, 2016 finding there are triable issues of fact whether the United States created the dangerous condition. She explains that creation of a dangerous condition constitutes control. According to Plaintiff, the clarification order contradicts the Court's finding on summary judgment that there was a reasonable inference that the United States created the dangerous condition. (Dkt. No. 86 at 2.)

In the Court's summary judgment order, it specifically concluded the following, "Plaintiff has not raised a genuine issue of material fact as to whether the United States conducted maintenance that amounts to an exercise of control over the dirt pathway." (Dkt. No. 71 at 11:4-6.) On the issue of whether the Defendant United States created the dangerous condition, the Court concluded there are triable issues of fact. (Id. at 13:5-7.)

The Court agrees with Plaintiff that, in its order on clarification, it made a broader statement than its ruling on summary judgment by stating "[p]ursuant to Rule 56(g), the Court concludes that there are no triable issues of fact on whether the United States owned the relevant property and whether the United States controlled the

relevant property." (Dkt. No. 81 at 3.) However, the Court's order did not dispose of the remaining triable issue of fact as to whether the United States created the dangerous condition.

Interestingly, Plaintiff asks the Court to amend its March 28, 2016 order to specifically state that "there is a triable dispute of fact regarding Defendant USA's *control* of the property but there is no triable issue of fact regarding Defendant USA's *maintenance* of the property." (Dkt. No. 82-1 at 5) (emphasis in original). Plaintiff improperly seeks to broaden the Court's ruling on summary judgment.

## Conclusion

In conclusion, the Court GRANTS in part Plaintiff's motion for reconsideration. The Court amends its Order filed on March 28, 2016 to align with the Court's ruling on summary judgment filed on February 3, 2016, and concludes that there are no triable issues of fact whether Defendant United States maintained the property that amounted to an exercise of control over the dirt pathway. However, there are triable issues of fact as to whether Defendant United States created the dangerous condition. The hearing set for April 29, 2016 shall be **vacated**.

IT IS SO ORDERED.

DATED: April 27, 2016

HON. GONZALO P. CURIEL
United States District Judge